UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Integrated Control Systems, Inc., | ) | Civil Action No. 300 CV 1295 (PCD) |
| Robert A. Jacobson, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ellcon National, Inc., | ) | |
| Defendants | ) | October 7, 2003 |

### MEMORANDUM IN OPPOSITION TO MOTION ATTORNEY'S FEES

**I.    OVERVIEW**

Integrated Control Systems, Inc. ("Integrated Connecticut") hereby files this memorandum in opposition to Ellcon's September 9, 2003 motion claiming that it devoted 217.40 hours representing $52,606.92 in attorneys' fees as a result of asserted discovery failures of Integrated Connecticut.  For the reasons set forth herein and in the September 2, 2003 Motion for Reconsideration and Clarification and the September 11, 2003 supplement to that motion, Integrated Connecticut respectfully requests that the motion for attorneys' fees be denied.

As discussed more particularly below, a significant portion of the fees sought represent Ellcon's improper effort to pass on to Integrated Connecticut the cost of its review of the documents produced by Integrated Connecticut, an ordinary cost of discovery. The majority of the fees involve the extraordinarily large amount of time devoted to the preparation of filing the motion for sanctions and a supplement to the motion for sanctions regarding the production of certain documents that it had never, in

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

direct violation of Rule 37(2)(A) of the Federal Rules of Civil Procedure and Rule 9(d) of the Rules of the District of Connecticut, identified or discussed with counsel for Integrated Connecticut prior to filing the motion.    Only a small fraction of the fees sought can be attributable to the only pending dispute when the motion for sanctions was submitted to the Court which involves whether the Court's order requires Integrated Connecticut to create new documents to explain each of its financial transactions. Accordingly, while plaintiff believes no sanctions should be allowed, even if they are the amounts sought by defendant are grossly excessive.

## II.    STANDARD OF REVIEW

"A federal trial court possesses inherent power to control the disposition of the cases before it....  This includes the authority to assess sanctions in response to abusive litigation practices.... J.M. Cleminshaw Company v. City of Norwich, 93 F.R.D. 338, 352-53 (D.Conn 1981) (citations omitted). Courts have the inherent power '"to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 2132 (1991) (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). This power embraces the authority to impose costs and attorneys' fees against a party where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975).  The Second Circuit has characterized this exercise of power as the 'bad faith exception to the American Rule. Perry v. S.Z.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Restaurant Corp., 45 F.Supp.2d 272, 275-76 (S.D.N.Y. 1999) (cited in Milltex Industries

Corp. v. Jacquard Lace Co., 55 F.3d 34, 37-38 (2d Cir. 1995)).

The Second Circuit has required a finding of bad faith for the imposition of

sanctions under the inherent power doctrine. United States v. Int'l Brotherhood of

Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991). Bad faith can be shown by (1) "clear

evidence" or (2) "harassment or delay or...other improper purposes." Id. (quotation

marks and citation omitted). Bad faith may also be demonstrated where the challenged

action is entirely without color. Milltex Industries Corp., 55 F.3d at 38. Finally, bad faith

may be found "not only in the actions that led to the lawsuit but also in the conduct of

the litigation." Oliveri v Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986). "The Supreme

Court has cautioned that because of the 'very potency' of a court's inherent power, it

should be exercised 'with restraint and discretion.'" United States v. Shuch, 139 B.R. 57

(D.Conn. 1992) (quoting International Brotherhood of Teamsters, 948 F.2d at 1345).

Indeed, the Second Circuit has "always required a particularized showing of bad faith to

justify the use of the court's inherent power." Id. (emphasis added). As stated in

Oliveri: "[W]e have declined to uphold awards under the bad-faith exception absent

both "'clear evidence' that the challenged actions 'are entirely without color, and [are

taken] for reasons of harassment or delay or forth other improper purposes;" and "a high

degree of specificity in the factual findings of [the] lower courts." Oliveri, 803 F.2d at

-3-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

1272 (quoting <u>Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.</u>, 782 F.2d 329, 344 (2d

Cir. 1986) (citations omitted)).

There are no specific requirements for the imposition of sanctions under Rule 37

of the Federal Rules of Civil Procedure. <u>Metropolitan Opera Assn., Inc. v. Local 100,</u>

<u>Hotel Employees & Restaurant Employees Int'l Union</u>, 212 F.R.D. 178, 219 (S.D.N.Y.

2003); <u>see</u> <u>Lyell Theatre Corp. v. Loews Corp.</u>, 91 F.R.D. 97, 99 (W.D.N.Y. 1981), aff'd,

F.2d 37 (2d Cir. 1982); <u>A.V. by Versace, Inc. v. Gianni Versace</u>, No. 96 Civ. 9721, No.

98 Civ. 0123, 2002 WL 54610, at 7 (S.D.N.Y. Jan. 15 2002).  Over time, however, our

courts have identified relevant considerations to assist in deciding whether discovery

abuse warrants the entry of judgment, including:(a) willfulness or bad faith of the

noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of

lesser sanctions; (d) whether the noncompliant party had been warned about the

possibility of sanctions; (e) the client's complicity; and (f) prejudice to the moving party.

<u>Metropolitan Opera Assn., Inc.</u>, 212 F.R.D. at 220 quoting In re <u>Sumitomo Copper Litig.</u>,

204 F.R.D. 58, 60 (S.D.N.Y. 2001)) (quoting <u>Yucyco, Ltd. v. Ljubljanska Banka</u>, No. 96

Civ. 4274, 2001 WL 699135 , (S.D.N.Y. June 20, 2001)); <u>American Cash Card Corp., v.</u>

<u>AT&T Corp.,</u> 184 F.R.D. 521, 524 (S.D.N.Y. 1999), aff'd mem., 210 F.3d 354 (2d Cir.

2000).

One Goodwin Square          HALLORAN          Phone (860) 522-6103
225 Asylum Street                                     Fax (860) 548-0006
Hartford, CT 06103          & SAGE LLP          Juris No. 26105

## III.    DISCUSSION

### a) <u>Overview</u>

Integrated Connecticut undertook a good faith and diligent effort to produce documents in this proceeding involving a question of whether Integrated Connecticut has sufficient assets to satisfy the judgment.   No member of the management of Integrated Connecticut remained employed by the corporation at the time of Ellcon's production request or the Court's January 2003 order. <u>Aff</u>. 4. Lacking employees involved in management at the Corporation, the undersigned counsel worked with Kleon Andreadis, acting general counsel for the corporation, in an effort to locate documents from storage of the corporation since it no longer is doing business.   <u>Aff</u>. 3. The document production was provided within ten days of the Court's ruling.   At that time, the undersigned counsel indicated that the production included all of the documents located by Integrated Connecticut in response to the pending production request and the Court's January 2003 ruling. <u>Id</u>. at 7. When, for the first time, Ellcon outlined specific documents it believed were not provided in its motion for sanctions, the undersigned counsel revisited the issue with general counsel who, upon further review, was able to locate some of the requested documents. Id. at 12. Those documents were promptly provided to Ellcon. <u>Id</u>. Had counsel for Ellcon conferred with the undersigned counsel regarding those documents, they would have been located and provided promptly and

-5-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

without the unnecessary motion for sanctions and more than 70 hours of attorney's time. Id. at 13.

The Federal Rules of Civil Procedure and the Rules of the District Court require that parties in the discovery proceeding must confer regarding disputes before seeking to compel or seeking sanctions. F.R.C.P. R. 37(a)(2); L. Civ. R. 9(d). Because good faith efforts to produce documents can routinely result in omissions of some of all the documents sought by the opposing party, the rules require that the party dissatisfied with the production request must, at the very least, confer regarding particular documents sought before devoting its resources and the resources of the court to a motion to compel or for sanctions. Id.

Plaintiffs submit that no evidence supports a determination that Integrated Connecticut acted in bad faith. The vast majority of financial documents related to the company were provided within ten days of the court's original order. Additional documents falling within the scope of the production request were promptly provided to Ellcon's counsel within two weeks of the first time in which Ellcon described particular documents it believed had not been initially produced.

The only genuine discovery dispute involves differing interpretations of one clause of the January 2003 order arising from the motion for a protective order related to the deposition of Richard Strada. Integrated Connecticut believed it was required to produce all of its existing financial records to Ellcon and to provide witnesses to answer

-6-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

questions regarding the transactions contained in those documents. It did not believe it was obliged to create a new document which would provide "explanations" for transactions. See Plaintiff's motion to reconsider. Integrated Connecticut certainly had a good faith basis to interpret the court's January 2003 ruling in such a way, even if it was mistaken in the interpretation.

For the foregoing reasons, Integrated Connecticut requests that the court deny, in its entirety, the request for the attorneys' fees associated with 217.40 hours of time sought by Ellcon. In the alternative, Integrated Connecticut requests that only those fees reasonably related to the one dispute in existence at the time of the filing of the motion for sanctions be allowed regarding the interpretation of the Court's the January order. The total amount of time devoted by Ellcon's counsel to discuss that dispute was less than one hour. The reasonable time necessary to present that issue to the Court for resolution is no more than a few hours. Finally, in the event that the Court considers the imposition of sanctions regarding the portions of the motions seeking documents that Ellcon had never identified as being omitted from the production until it filed its motion for sanctions, it asks the Court to disallow the portions of those fees attributable to ordinary document review or fees that are clearly excessive under the circumstances of the dispute. P.O. ex rel. L.T. v. Greenwich Bd. of Educ., 210 F.Supp.2d 76, 86 (D.Conn. 2002) (An award of attorney's fees rests within the sound discretion of the district court because the court is particularly well-qualified to make the partially

-7-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

subjective findings necessary for an award of fees and to perform the balancing of equities that is an integral part of the proceeding for an award of fees).

### a) Ellcon's Motion for Attorney's Fees Reveals its Failure or Refusal to Attempt to Resolve any Discovery Dispute Before Devoting Extraordinary and Unnecessary Time to the Preparation of its Motion for Sanctions and Supplement to the Motion for Sanctions

The invoices of attorneys fees support Integrated Connecticut's previous assertions that Ellcon utterly failed to identify or resolve discovery dispute regarding the production of existing documents before preparing and serving its motion for sanctions. The invoices of attorneys' fees submitted by Ellcon reveal that its Connecticut counsel conducted an initial reviewing the documents produced on January 24, 2003 on that date. O'Connell, Flaherty, et al invoice 1 . The invoice next shows three entries of 0.2 hours conferring with counsel regarding interrogatory responses and the production of documents. During those conversations or voice mail messages, Attorney Miller inquired if the production of financial documents on January 24, 2003 included the documents encompassed in its production request and by the Court's order. Aff. 6.

After conferring with the corporation's in house general counsel, counsel for Integrated Connecticut spoke with Attorney Miller during a brief telephone conference on February 7, 2003 and confirmed that the production of documents was intended to address both the document productions request and the Court's January 21, 2003

-8-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

order. Id. at 7.[1].    Following that extremely brief discussion, in which Attorney Slater confirmed that the document production was intended to respond to the Court's order, Attorney Miller forwarded a brief letter confirming that general conversation.  The letter, attached as Exhibit B to the Slater affidavit, makes no suggestion that Ellcon believed that certain documents or types of documents were missing or reflecting any effort to identify or resolve a discovery dispute.

Those very brief discussions did not include any effort by Ellcon's counsel to discuss their contention that documents had not been provided. The only discussion that could be characterized as a discovery dispute involves their counsel's assertion that the Court's January order required Integrated Connecticut to <u>create</u> documents to provide an explanation for each of its many financial transactions occurring since January 2000.  Id. at 6.   Attorney Miller did not suggest that Ellcon believed that certain documents had been omitted from the production of financial documents.  In fact, the time entries of Ellcon's counsel reflect that they had made a decision to file a motion for sanctions before the documents had even been fully reviewed.

As noted above, Attorney Miller devoted 1.5 hours as a combined time entry for the initial review the documents on the day they were delivered, the preparation of a

---

[1] That conversation is either reflected as a January 11, 2003 time entry of 0.1 hours or a portion of the January 12, 2003 entry of 0.5 hours which includes a conversation with Integrated Connecticut's counsel, a telephone conference with Ellcon's South Carolina counsel regarding the Strada deposition and an in-office conference with another attorney. O'Connell, Flaherty, et al invoice 1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

letter and instructions for copying the documents and shipping to South Carolina counsel, and to a telephone conference with Attorney Slater regarding scheduling the Richard Strada depositions.    No other time was spent reviewing the documents by Attorney Miller and no time was spent by South Carolina counsel to review the documents when the time entries of South Carolina counsel reflect a discussion on February 7, 2003 regarding a motion for sanctions.    At that time, counsel for Ellcon had not identified to Integrated Connecticut a single document or class of documents that it claimed were omitted other than attorney Miller's suggestion to Integrated Connecticut's counsel that Ellcon believed that documents must be created to describe every financial transaction.    That dispute regarding the interpretation of the Court's order could be raised with the court in a simple motion which required no review of the existing documents produced by Integrated Connecticut and very limited legal research in writing.

Having not yet fully reviewed the document production and having never discussed any particular documents or made any suggestion to Integrated Connecticut that documents were missing, counsel for Ellcon then devoted more than 70 hours to the preparation of a one-page motion for sanctions and a fifteen-page memorandum that represented the first time Ellcon identified documents it believed were omitted from the initial January production.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The time entries confirm Integrated Connecticut's initial objection to the motion for sanctions on the ground that Ellcon failed to undertake any effort to resolve any perceived dispute before resorting to a motion for a sanctions. Furthermore, it shows that no affidavit regarding describing efforts to resolve the dispute was prepared until after the objection to the motion was served on Ellcon pursuant to the Court's supplemental order.    Accordingly, it was not a matter of merely failing to serve an affidavit with the motion. No affidavit was prepared with the motion for sanction and no good faith efforts were, in fact, undertaken. Ellcon based its entire strategy upon the mischaracterization of the five-to-ten-minute phone call confirming Integrated Connecticut's general statement that it believed that its production was complete as an stated refusal to produce additional documents.   For that reason alone, the motion for attorneys' fees should be denied.

### b) The Attorneys Fees Sought by Ellcon are Grossly Excessive

As noted about, Ellcon's counsel discussed only one possible discovery dispute with Integrated Connecticut's counsel before filing its motion for sanctions.    That dispute involved the interpretation of the Court's January 21, 2003 order and whether it required Integrated Connecticut to not only produce all existing financial documents but to also create documents to describe each of its financial transactions since 1998. Although Integrated Connecticut had a good-faith basis for its interpretation, any sanction associated with its taking that position should be limited to the reasonable

-11-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

attorneys' fees associated with presenting that issue to the court for resolution. Integrated Connecticut submits that presentation of that issue of the Court's interpretation required only a few hours of legal work.

Even if Ellcon had discussed and attempted to resolve its claim that certain documents were omitted from the January production - - which it did not - - the attorneys' fees devoted to prepare the motion for sanctions are grossly excessive.   In total, Ellcon's counsel devoted <u>77</u> hours to the preparation of a one page motion and fifteen page memorandum contain a short analysis of black-letter law, a discussion of the documents produced by Integrated Connecticut,  and the description regarding the few documents it claimed were omitted. [2]   <u>Nelson, Mullins</u>, et. al. invoice, pp. 1-3 (up to 3/11/03 entry); <u>O'Connell, Flaherty, et al invoice</u>, pp. 1-3 (up to 3/13/03 entry).   Much of the time included in those entries is apparently related to counsel's review of the extensive financial documents provided on January 24, 2003, something that would typically be part of the ordinary cost of discovery and cannot be attributed to any so-called bad faith of Integrated Connecticut or to any noncompliance with discovery. The time sheets reflect this.  Ellcon chose to take the course of pursuing a motion for

---

[2] As noted in Attorney Miller's affidavit prepared after receiving Integrated Connecticut's objection to Ellcon's motion for sanctions, the parties resolved any dispute regarding the production of those few documents prior to the filing of the motion with the Court.   <u>Aff.</u> 16. The only dispute existing at the time of the filing of the motion was whether the Court's January 2003 order requires the creation of new documents by Integrated Connecticut. <u>Id</u>.

-12-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

sanctions before completing its full review of the documents and without holding a single conversation with Integrated Connecticut regarding any particular it documents believed were omitted. Id. It should not now be permitted to pass those costs on to Integrated Connecticut. Devoting more than 70 hours to the simple motion and memorandum containing no disputed issues of law and nothing other than a recitation of the documents produced and the few documents claimed to be omitted is grossly excessive and should not be allowed by the court.

Ellcon's strategy of seeking court intervention before first discussing the matter with the opposing party should not be rewarded. Other than seeking the general confirmation that Integrated Connecticut intended its January 2003 production to be responsive to both the Ellcon production request and the Court's January 21, 2003 order, Ellcon's counsel did not devote one minute to attempt to identify to Integrated Connecticut's documents it believed Integrated had not produced prior to devoting that time to the motion for sanctions.[3] Aff. 6-9. As a result, the filing of the motion for

_____

[3] In its initial ruling on the motion for sanctions, the Court noted that an affidavit as required by Rules of Federal Procedure as a predicate to a motion to compel or a motion for sanctions was filed with the Court though not served on opposing counsel. The question raised by Integrated Connecticut does not relate to failure to serve the affidavit, but instead related to Ellcon's failure to attempt to resolve the discovery dispute before filing a motion for sanctions and its failure to prepare an affidavit outlining those efforts prior to preparing and filing the motion for sanctions. No affidavit was prepared until after the objection filed by Integrated Connecticut was received noting the motion was procedurally defective and premature. See O'Connell, Flaherty, et. al.

-13-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

sanctions was the first instance that Integrated Connecticut was made of aware of the particular documents that Ellcon claimed were omitted from the January production. Aff. 10. Although no request or discussion regarding these allegedly omitted documents was made or occurred, the motion for sanctions stated that Integrated Connecticut refused to produce documents. Having never discussed any of these documents with Integrated Connecticut, its only basis for the asserted "refusal" is the fact that Integrated Connecticut made the general representation that it believed the January production response was complete.

Once specific documents were first identified by the motion for sanctions as being omitted, Integrated Connecticut renewed its search for records. The federal tax return for the year 2002 had not yet been completed at the time of the January 2003 production response but was provided on March 31, 2003. Aff. 12. Integrated Connecticut did not initially provide the copies of the state tax returns because the federal returns included the corporate income and expense accounting for the corporation. Based on defendant's demand, copies of those documents were provided. Id. Similarly, although most all of Integrated Connecticut's bank records were provided with the January 2003 production, the motion for sanctions identified, again for the first time, the omission of records from several months during 1998. Upon receipt of the

---

invoice page 3, 04/23/03 entry (drafting Local Rule 37 Good Faith Affidavit after receipt of objection in opposition to motion for sanctions).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

motion, Integrated Connecticut renewed its review of its records, located the few bank records that were omitted, and produced them. Id.

Integrated Connecticut would have undertaken the same effort to locate those review documents if Ellcon identified them prior to filing a motion for sanctions. Id. at 13. Had Ellcon's counsel inquired of those documents as required by Rule 37 of the Federal Rules of Civil Procedure and Rule 9 of the Local Rules of the District of Connecticut, the issue would have been resolved without need for filing the motion and devoting over 70 hours to the preparation of a motion for sanctions. Integrated Connecticut has never refused to provide a single document and its statement that it believed its document production was complete cannot be construed as such a refusal.

Once the Integrated Connecticut served its objection to the motion for sanctions, Ellcon's counsel devoted 44.2 hours to the response.  Those fees included research regarding the need for an affidavit reflecting efforts to resolve the discovery dispute (something Ellcon should have known about prior to even serving its motions) and the preparation of the affidavit that was required as a prerequisite to the initial motion for sanctions.[4]  Those fees also improperly include time related to the review of documents produced in the ordinary course of discovery and are grossly excessive.

---

[4] That affidavit does not suggest that Ellcon identified any of the documents it sought in the motion for sanctions prior to filing the motion.  Instead it includes a general paragraph that refers the discussions that Attorney Slater's affidavit specifically describes as involving only the general statement that Integrated Connecticut confirmed

-15-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Finally, the remaining attorneys' fees sought by Ellcon relate to its counsel's review of over 7000 cancelled checks provided by Integrated Connecticut and its decision to devote substantial time to prepare the "supplement" to its motion for sanctions regarding its claims regarding the content of those checks. As before, the review of the documents would have been performed in the ordinary course of discovery even without any discovery disputes and this should not be passed onto Integrated Connecticut.[5] Its South Carolina counsel spent 12.30 hours arranging for an investigative review of the checks provided by Integrated Connecticut and to guide that review and review the findings of the investigator. Nelson, Mullins, et. al. invoice pages 3 and 4.

The more substantial fees relate to the Ellcon's decision to supplement its motion to sanctions regarding the content of the checks. Again, consistent with its failure to undertake any discussions to resolve questions regarding documents provided, Ellcon's counsel made no inquiry to Integrated Connecticut regarding the information contained

---

that the production was complete and brief conversation as to whether the court's order required Integrated Connecticut to create documents. See Charlie Miller's May 5, 2003 affidavit filed with reply to objection to motion for sanctions.

[5] In preparing the January 2003 production and the supplemental production in response on March 31 and April, Integrated Connecticut general counsel had not located the cancelled checks for the transactions shown in the check registers and bank records of the corporation provided to Ellcon. Aff. 15. The cancelled checks were subsequently discovered by the general counsel during the first week of May. Id. Ellcon was immediately notified that the documents were available for inspection. Id.

-16-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

on these checks but, instead, proceeded to devote over <u>35 hours</u> of time to prepare a "supplement" to the motion for sanctions that was ultimately stricken by the Court.  <u>See</u> August 13, 2003 ruling.    <u>Nelson, Mullins</u>, et. <u>al</u>. invoice pages 4-6.  Not one single telephone conference or office conference was held with Integrated Connecticut to discuss any of the checks or to seek further information from Integrated Connecticut regarding the transactions related to those checks.  <u>Id.</u>; see also <u>O'Connell, Flaherty, et al invoice</u> pp. 5-7.

Integrated Connecticut requests that the Court disallow the motion for attorney's fees due to Ellcon's utter failure to seek to discuss and resolve any discovery dispute before resorting to motions practice.   If, in light of the more detailed affidavit in support of this objection and the invoices in support of the motion for sanctions, the Court, nonetheless, believes that sanctions are warranted, Integrated Connecticut asks the

-17-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

court to award a fees only for the reasonable time Ellcon's counsel devoted to seeking

court intervention and omit the excessive fees sought by Ellcon and the fees attributable

to the ordinary document review associated with discovery.

THE PLAINTIFF,
INTEGRATED CONTROL SYSTEMS, INC.

By
     Kenneth R. Slater, Jr.
     HALLORAN & SAGE LLP
     Fed. Bar #ct09451
     Joseph G. Fortner, Jr.
     Fed. Bar #ct04602
     One Goodwin Square
     225 Asylum Street
     Hartford, CT 06103
     (860) 522-6103

-18-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 7th day of October 2003 to all counsel and pro se parties as follows:

Charles I. Miller, Esq.
O'Connell, Flaherty & Attmore, LLC
280 Trumbull Street
Hartford, CT  06103


Kymric Y. Mahnke, Esq.
Nelson, Mullins, Riley & Scarborough, LLP
Poinsett Plaza
104 South Main Street, Suite 900
P.O. Box 10084
Greenville, SC  29601


_____
Kenneth R. Slater, Jr.


467060_1.DOC

-19-