UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Integrated Control Systems, Inc., Robert A. Jacobson, | ) ) | Civil Action No. 300 CV 1295 (PCD) |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| Ellcon National, Inc., | ) ) | |
| Defendants | ) | October 7, 2003 |

**AFFIDAVIT OF PLAINTIFF'S COUNSEL REGARDING**
**SEPTEMBER 9, 2003 MOTION FOR ATTORNEY'S FEES**

I, Kenneth R. Slater, Jr., being duly sworn, depose and say:

1. I am an Of Counsel to the firm of Halloran & Sage, LLP, counsel for the Plaintiff. If called to testify, I could and would competently testify to the matters set forth herein.

2. I have served as counsel for the plaintiff, Integrated Control Systems, Inc., a Connecticut corporation ("Integrated Connecticut") throughout this proceeding.

3. At the time of the Court's January 21, 2003 ruling on the plaintiff's motion for reconsideration of the decision on its motion for a protective order regarding the deposition of Richard Strada, the undersigned counsel was working with general counsel of Integrated Connecticut, Kleon Andreadis, to prepare documents in response to a request for production of documents previously issued by Ellcon.

4. At the time of the issuance of the request for production, no employee of Integrated Connecticut responsible for managing the operations of Integrated during 1998, 1999 and 2000 remained in the employ of Integrated Connecticut.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

5.  On or about January 24, 2003, Integrated Connecticut issued extensive production of documents to Ellcon, including its bank records and financial statements, the list of which is attached as Exhibit A to this affidavit.

6.  Following the production of documents including the financial records of Integrated Connecticut, counsel for Ellcon, Charles Miller, contacted the undersigned counsel and inquired if additional documents were being provided in response to the Court's January 21, 2003 ruling. During that conversation, Attorney Miller did not suggest that any particular document(s) or classification of documents were omitted, but simply inquired to confirm that the production of documents was intended to include documents required to be produced by the Court's order.

7.  On February 7, 2003, after conferring with Mr. Andreadis of Integrated Connecticut, the undersigned counsel telephoned Attorney Miller and informed him that the January 24, 2003 production was intended to provide the documents in response to both the Ellcon production request and the Court's ruling. During that conversation, the undersigned counsel offered to provide witnesses to provide further details or information regarding any of the many financial transactions reflected in the documents provided to Ellcon. During this conversation, Attorney Miller did not suggest that his client believed that documents existed that were not being produced by Integrated Connecticut.

8.  Following the February 7, 2003 conversation, Attorney Miller confirmed the discussion with a letter attached as Exhibit B which simply indicates that Integrated Connecticut made the general representation that the production was intended to be

-2-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

responsive to pending requests to produce as well as the Court's January 21, 2004 order.

9. In discussions between the undersigned counsel and Attorney Miller following the January 24, 2003 production, the only statement by Attorney Miller that could qualify as a potential discovery dispute involved whether the Court's order required Integrated Connecticut to prepare documents to explain each of its financial transactions. The undersigned counsel and Attorney Miller had a very brief discussion on that topic during which the undersigned counsel expressed Integrated Connecticut's good-faith belief that the order did not require the creation of new documents but, instead, required Integrated Connecticut to provide any existing financial documents and that Ellcon was free to conduct depositions of witnesses to inquire about any transactions reflected in those documents within the parameters set by the Court's January 21, 2003 ruling. The undersigned counsel estimates the total amount of time counsel devoted to discussing the differing interpretation of the Court's January 21, 2003 order was between five and ten minutes.

10. The undersigned counsel received plaintiff's motion for sanctions on or about March 12, 2003. The filing of a motion for sanctions was the very first instance in which Ellcon identified specific documents or classes of documents that it believed had not been produced.

11. On March 14, 2003, the undersigned, while awaiting the birth of a son at New Britain General Hospital, telephoned Attorney Miller and discussed the motion for sanctions. The undersigned counsel offered to work with Ellcon to resolve any claim that existing documents were not provided and expressed his surprise that the list of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

documents Ellcon believed had not been provided or discussed prior to filing of a motion for sanctions. Undersigned counsel suggested that in accordance with the Court's supplemental order regarding motions, the parties should seek to resolve the issues to avoid the need of filing the motion with the Court or to at least narrow the issues for the Court.

12. After receiving for the first time the description of the documents Ellcon claimed were not provided, the undersigned counsel conferred with general counsel of Integrated Connecticut to determine whether the requested documents exist among Integrated Connecticut's records. On March 31 and April 1, 2003, Integrated Connecticut provided a supplemental discovery response to include several of the documents requested by Ellcon, a list of which is attached as Exhibit C.

13. The undersigned counsel would have undertaken the same diligent effort to locate the identified documents if Ellcon's counsel had conferred with the undersigned counsel as required by Rule 9 of the Rules of the District of Connecticut regarding these particular documents as he did when the list of the documents were provided for the first time by way of the motion for sanctions.

14. Although not previously discovered, Attorney Andreadis contacted the undersigned counsel during the first week of May and informed the undersigned counsel that copies of cancelled checks had been located. The undersigned counsel immediately contacted Attorney Miller and informed him that the checks had been located and would be available for Ellcon's inspection.

15. At the time the motion for sanctions was submitted to the Court on March 12, 2003 in accordance with the Court's supplemental rule, the affidavit prepared by

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Attorney Miller after Integrated Connecticut served its objection to the motion for sanctions indicated that the motion for sanctions initially involved two discovery disputes, one with respect to the production of existing documents and the second with respect to the dispute as to whether the Court's January 2003 order required Integrated Connecticut to author new documents to provide explanations for every financial transaction since 2000. Paragraph 18 of Miller May 5, 2003 affidavit. Attorney Miller acknowledged in the affidavit that the dispute regarding the production of documents had been fully resolved. Id. at paragraph 19.

16. The undersigned counsel is not aware of any efforts by Integrated Connecticut to conceal documents regarding this financial history or its ability to satisfy the judgment and has attempted to provide documents to Ellcon and to provide witnesses able to answer any question Ellcon may have regarding its financial transactions.

17. Ellcon's counsel has not noticed a deposition or otherwise accepted invitations to provide witnesses to provide explanations regarding financial transactions by Integrated Connecticut between Integrated Connecticut and any other party.

Kenneth R. Slater, Jr.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Subscribed and sworn to before me on this 7th day of October, 2003.

_____
Laurie R. Steinberg
Commissioner of the Superior Court

467023_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## EXHIBIT A

## LIST OF DOCUMENTS PRODUCED BY INTEGRATED CONTROL SYSTEMS, INC. TO ELLCON NATIONAL INC. ON JANUARY 24, 2003

1. Correspondence from Integrated Control Systems, Inc. (hereinafter "ICS") to Mr. Emil P. Kondra regarding the agreement to implement Phase II of the "IMPAC 1000" program.

2. Corporate records evidencing directors from 1998-2002. See Tabs 4 and 60.

3. Payroll, corporate, bank, and accounting records from 1998 to the present.

4. Invoices relating to the "previously lent" sum described in Ellcon's request for production number 11.

5. Lease Agreement between ICS and West Marine Products regarding the 915 Taylor Road, Punta Gorda, Florida; Commercial Property Lease between ICS and Doyle McBurnett and Steve Ehrie regarding 921 Taylor Road, Punta Gorda; Commercial Property Lease between ICS and Kenneth Price regarding 923 Taylor Road, Punta Gorda, Florida; All County Appraisal Consulting, L.C. appraisal of 915 Taylor Road, Punta Gorda, Florida.

6. Documents relating to the sale of computers, furniture and equipment, and software

7. ICS Bank Statements from 1998 to the present, including Nations Bank, Bank of America, Bank Boston and Sovereign Bank.

8. US Corporation Income Tax Return from 1998, 1999, and 2000.

9. Lease Agreement between ICS Florida and ICS Connecticut regarding 900 West Marion Avenue, Punta Gorda, Florida; Royalty Agreement between ICS Florida and ICS Connecticut.

10. ICS Stock Records.

11. ICS Monthly Financial Statements from 1998 to 2000.

12. AG Insurance Agency, Insurance Survey.

13. Assignment of trademark from ICS Connecticut to ICS Florida; Trademark Registrations; Application for Renewal of Mark; James Irwin's Declaration under section 8 and 15 of the Trademark Act of 1946.

14. Check registers for all ICS Bank accounts from January 1998 through the present.

## O'CONNELL, FLAHERTY & ATTMORE, L.L.C.

ATTORNEYS AT LAW
280 TRUMBULL STREET
HARTFORD, CONNECTICUT 06103-3598
TELEPHONE (860) 548-1300
FACSIMILE (860) 548-0023

CHARLES I. MILLER
E-Mail: CMILLER@OFALAW.COM

OTHER OFFICES
1350 MAIN STREET, SPRINGFIELD, MA 01103
22 MAIN STREET, MOOSUP, CT 06354
50 NEWTOWN ROAD, DANBURY, CT 06810
993 FARMINGTON AVE., WEST HARTFORD, CT 06107
163 FERRY ROAD, P.O. BOX 1167, OLD SAYBROOK, CT 06475

February 11, 2003

**VIA FACSIMILE AND**
**FIRST CLASS MAIL**

Kenneth R. Slater, Jr., Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Re:   *Ellcon v. Impac*

Dear Attorney Slater:

To confirm our conversation of February 7, 2003 it is the position of your client, Integrated Control Systems, Inc. that it has complied with Judge Dorsey's ruling on the Motion for Reconsideration which was issued by the court on January 21, 2003 with the one exception that the certification as to the interrogatory responses is anticipated to be delivered sometime during the week of February 14, 2003.

Very truly yours,

O'CONNELL, FLAHERTY
& ATTMORE, L.L.C.

Charles I. Miller

CIM/prd

cc:   K. Mahnke

\\Ofalaw-pdc\docs\CM\ELLCON-National\Correspondence\LTR TO KEN SLATER 2-11-03.doc

# HALLORAN
# &SAGE LLP
ATTORNEYS AT LAW

KENNETH R. SLATER, JR.   Direct 860 297-4662   slater@halloran-sage.com

March 31, 2003

VIA HAND DELIVERY

Charles I. Miller, Esq.
O'Connell, Flaherty & Attmore, LLC
280 Trumbull Street
Hartford, CT 06103-3598

Re: **Integrated Control Systems, Inc., et al v. Ellcon National, Inc.
Civil Action No. 300 CV 1295(PCD)**

Dear Charlie:

In accordance with Judge Dorsey's supplemental order, I am enclosing my client's objection to your March 13, 2003 motion for sanctions. As you will see, I vehemently deny the suggestion that my client, through me or otherwise, has informed Ellcon that it refuses to provide any further documents regarding the pending effort to enforce the Ellcon judgment. In fact, I am also enclosing the following documents to supplement the previous document production provided by my client to include the documents requested in your motion:

1. Check registers for all ICS bank accounts from January 1998 through the present;

2. US Corporation Income Tax Return (Form 1120) for the fiscal period ending August 31, 2002 (client's Federal Express package containing such documents did not arrive – will be forthcoming shortly);

3. Connecticut State Tax forms for fiscal years ending August 31, 1999, 2000, 2001 and 2002;

4. Connecticut Secretary of State acknowledgments of business filings for August 1998, August 1999, August 2000 and January 2003 copies of filings made by ICS from 1998 to the present; and

5. Credentials of Richard Strada (client's Federal Express package containing such documents did not arrive – will be forthcoming shortly);

Charles I. Miller, Esq.
March 31, 2003
Page 2

      Aside from the fact that I believe the motion for sanctions is procedurally flawed and that the Court has better things to do, I think our time is better spent working collaboratively on remaining discovery issues, if any exist, than to proceeding with the filing of motions.

      Please call me tomorrow to discuss this matter.

                                                        Very truly yours,

                                                        Kenneth R. Slater, Jr.

KRS:pg
Enclosures
408617.1(HSFP)



# HALLORAN & SAGE LLP
ATTORNEYS AT LAW

KENNETH R. SLATER, JR.   Direct 860 297-4662   slater@halloran-sage.com

April 1, 2003

Charles I. Miller, Esq.
O'Connell, Flaherty & Attmore, LLC
280 Trumbull Street
Hartford, CT 06103-3598

Re: **Integrated Control Systems, Inc., et al v. Ellcon National, Inc.**
    **Civil Action No. 300 CV 1295(PCD)**

Dear Charlie:

Further to my letter and enclosures of yesterday, I am enclosing:

1. U.S. Corporation Income Tax Return (Form 1120) for the fiscal period ending August 31, 2002;

2. Connecticut State tax forms; and

3. Credentials of Richard Strada.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Kenneth R. Slater, Jr.

KRS:pg
Enclosures
409113.1(HSFP)