2003 OCT 10 P 5: 11

U. DISTRICT C...
NEW HAVEN, CONN.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Integrated Control Systems, Inc., ) <br> Robert A. Jacobson, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> Ellcon-National, Inc., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 300 CV 1295 (PCD) <br><br> **REPLY MEMORANDUM <br> IN SUPPORT OF <br> MOTION FOR ATTORNEY'S FEES** <br><br> October 10, 2003 |

**INTRODUCTION**

ICS Connecticut now pursues yet another tortured argument in support of its claim that virtually all of Ellcon's attorney's fees should be excluded from the sanctions award pursuant to the Court's August 18, 2003 order. For the reasons set forth below, these arguments are without merit, and the Court should award the amount of sanctions as set forth in Ellcon's Motion for Attorney's Fees.

**ARGUMENT**

A. The Prior Ruling Regarding Rule 37(2)(a) and Ellcon's Good Faith Efforts to Resolve the Disputes

The Court previously determined that a mere technical oversight on the part of Ellcon's counsel in failing to prepare an affidavit pursuant to Rule 37 did not override the fact

that there was a clear discovery dispute existing and that counsel had proceeded to undertake appropriate communications prior to the drafting of the Motion for Sanctions. Further, the affidavit was technically filed with the Court at the same time as the filing of the Motions for Sanctions in compliance with the Court's supplemental order. Therein, counsel for Ellcon undertook an oath that good faith discussions were undertaken. For the reasons set forth, there is nothing to controvert that Rule 37 affidavit.

The duty of complying with the Court's order falls squarely on the shoulders of the Plaintiff. The Plaintiff attempts to misdirect the Court by arguing that Ellcon's counsel failed to advise the Plaintiff of the deficiencies and its production of documents. There is no duty or requirement for Ellcon to inquire or request specified additional documents where there are two clear and unequivocal orders of the Court. The fact is that the Plaintiff had failed to comply with the Court's orders and it is not the responsibility of Ellcon to raise that in the context of a Rule 37 conference prior to filing its Motion for Sanctions.

Despite the foregoing, Ellcon's counsel were able to confirm the Plaintiff's position that it had provided all responsive documents to both orders of the Court and to confirm that the Plaintiff would not be setting forth explanations of its financial transactions. This is apparent through, *inter alia*, ICS Connecticut's May 5, 2003 responses to Ellcon's Request for Admissions. Thereafter, principal counsel for Ellcon proceeded with the necessary and timely review and analysis of the documents which had been provided by the Plaintiff.

2

Through that exhaustive review of the materials and Ellcon's own independent investigation, that principal counsel came to the conclusion that the document production made by the Plaintiff was wholly inadequate and failed to comply with the Court's prior two orders.

It is only in response to the continued motions by Ellcon that the Plaintiff has shown a willingness to come forward with additional documents, bank records and most recently with a CD-Rom disc provided by one F. Lee Bailey. As set forth in the Opposition to the Motion for Reconsideration, which is incorporated by reference herein, this "database" utterly fails to meet the Court's orders. The parties have proceeded in good faith to resolve the discovery dispute as required by Rule 37, and there have been conversations of legal counsel confirming that all responsive documents have been delivered by the Plaintiff and that those documents were in fact responsive to both orders of the Court. As such, any argument by ICS that Ellcon has failed ore refused to attempt to resolve the discovery dispute is absurd. The only failure and refusal in this case is by ICS relative to proper discovery.

B. ICS's claim that Ellcon's Attorney's Fees are an "Ordinary Cost of Discovery"

As noted in <u>Martinelli v. Bridgeport Roman Catholic Diocesan Corp.</u>, 179 F.R.D. 77 (D.Conn. 1998), "[t]he timing of discovery is as important as its content." A party has "a right to the information in question when he requested it. He was denied that right and disadvantaged by the denial." <u>Id</u>. at 81. As a result, the offending party "must, therefore, bear the costs associated with the...delayed discovery." <u>Id</u> at 82. "The Second Circuit has stated:

3

'we wish to emphasize the importance we place on a party's compliance with discovery orders.... A party who flouts such orders does so at his peril.'" Baker v. ACE Advertisers' Serv., 153 F.R.D. 38, 40 (S.D.N.Y. 1992), *quoting* Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 73 (2d Cir. 1988). ICS has flouted a court order, and must now bear the perilous consequences of that action.

In this case, Ellcon has had to fight, tooth and nail, for virtually every document which it has received. Were it not for the service of the motion for sanctions, it is doubtful that ICS Connecticut's supplemental production in May, 2003 would have been forthcoming. Further, were it not for Ellcon's careful review of the documents received, it would not have been able to pressure F. Lee Bailey into producing the "database," as deficient as it may be. Due to ICS Connecticut's disregard for this Court's orders, Ellcon has been repeatedly forced to review the documents received with exacting detail in order to find and document the manner in which ICS has not complied. These efforts go very far beyond "ordinary," and as such, the legal cost reflects this.

C. ICS Connecticut's "Good Faith" Defense

ICS also defends on the grounds that it was operating in good faith. While Ellcon disputes this assertion, even if *arguendo* there is such good faith, it does not constitute a defense to the sanctions. "Monetary damages may be awarded for discovery abuses or failures, even absent bad faith." Factor v. Mall Airways, 131 F.R.D. 52, 55 (S.D.N.Y. 1990).

4

*See also* <u>Martinelli v. Bridgeport Roman Catholic Diocesan Corp.</u>, 179 F.R.D. 77, 80 (D.Conn. 1998) ("a finding of willfulness or contumacious conduct is not necessary to support sanctions which are less severe than dismissal or entry of a default judgment"). Hoever, as set forth in the Objection to the Motion for Reconsideration and the Affidavit of Kymric Mahnke, incorporated herin, there is evidence of such bad faith.

"Provided there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that particular order." <u>Evans v. Connecticut</u>, 967 F.Supp 673, 689 (D.Conn. 1997). In this case, the Court has noted that its January 21 ruling set forth a "clear directive," and that the "order was clear." <u>Court Doc. #72</u>, at 2. As such, sanctions are warranted. The Second Circuit "Court of Appeals has stated that 'where justified...the imposition of sanctions for discovery abuse is essential to the sound administration of justice. The now-settled view [is] that litigants, the public, and the courts share an interest in the prompt and efficient administration of justice; that failures of counsel to comply with applicable discovery rules and court orders threaten that common interest; and that reasonable sanctions, carefully and consistently applied, are an appropriate means of deterring further violations and vindicating the public interest." <u>J. M. Cleminshaw Co. v. Norwich</u>, 93 F.R.D. 338, 360 (1981).

5

**CONCLUSION**

Accordingly, the Plaintiff had adequate time and opportunity to comply with the Interrogatories and Request for Production as ordered by the Court on December 24, 2003 and also to adequately comply with the Court's January 21 Ruling. It failed to timely comply and as a result the Motion for Sanctions was appropriately filed with the Court. As such, sanctions in the amount set forth in the Motion for Attorney's fees ought to be granted by this Court.

THE DEFENDANT,
ELLCON-NATIONAL, INC.

By: _____
Charles I. Miller
O'Connell, Flaherty & Attmore, LLC
280 Trumbull Street
Hartford, CT 06103
Federal Bar No . CT 08203
Phone # (860)548-1300
Fax # (860)548-0023
Email: cmiller@ofalaw.com

and

Kymric Y. Mahnke, Esq.
Nelson, Mullins, Riley & Scarborough, LLP
Poinsett Plaza
104 South Main Street, Suite 900
P.O. Box 10084
Greenville, SC 29601

## CERTIFICATION

I hereby certify that the original of the foregoing has been hand-delivered this 10th day of October, 2003 to:

Counsel Served:

    Kenneth R. Slater, Jr., Esq.
    Joseph G. Fortner, Jr., Esq.
    Halloran & Sage LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103

                                          Charles I. Miller, Esq.

J:\GPiecuch\Associate\Ellcon\Reply In Support of Atty Fees.10.10.03.doc